UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>AYUB MOHAMUD,[1]<br>　　　　　Defendant. | Docket No. 5:22-cr-13 |

DEFENDANT'S MOTION TO SUPPRESS AND FOR FRANKS HEARING

Defendant Ayub Mohamud, by and through his attorneys, Langrock Sperry & Wool, LLP, hereby moves to suppress evidence seized from his home pursuant to a search warrant executed on February 11, 2020, specifically a firearm, and for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). As grounds for his Motion, Defendant relies on the following Memorandum of Law.

Memorandum of Law

**Facts**

On February 11, 2020, law enforcement conducted a search at 220 Riverside Ave., Unit C8 in Burlington, Vermont, pursuant to a warrant issued on February 5, 2020 by a Vermont Superior Court judge. *See* Exhibit 1 (Search Warrant, Application for Search Warrant, Affidavit of Det. D. Bowers in Support of Application for Search Warrant, and Inventory). In the course of the search, a firearm was allegedly recovered from a "drawer in closet of Bedroom #2." *Id.*, SW Item #3. This firearm, SCCY Industries CPX-2 9 MM,

---

[1] The indictment in this matter specifies "Ayub Moham**ed**," the correct spelling of the Defendant's last name is "Moham**ud**." The correct spelling is used herein.

1

allegedly lacking a visible serial number, is the subject of the instant indictment. According to Det. Bowers' Affidavit in Support of Application for Search Warrant (hereinafter "Warrant Affidavit"), a Cooperating Subject advised law enforcement in December 2019 that s/he could buy crack cocaine from someone s/he knew as "Jeff," Exhibit 1, Warrant Affidavit at ¶17, and who was "later identified" as Ayub Mohamud "through surveillance footage obtained by investigators during a controlled purchase." Exhibit 1, Warrant Affidavit at ¶18. The CS was noted to have a number of criminal convictions, including at least two criminal contempt charges and a conviction involving dishonesty for Criminal Impersonation. *Id.* ¶16. The Warrant Affidavit does not provide any information about the CS's reliability or history of providing accurate information. The Warrant Affidavit goes on to describe two controlled purchases of crack cocaine by the CS from Ayub Mohamud, one on January 19, 2020 and a second on January 26, 2020. *Id.* ¶¶19-35. Det. Bowers noted that he believed Ayub lived with other family members at 220 Riverside Avenue in Burlington, Unit C8. *Id.* ¶36. On the strength of that information he sought and obtained the applicable search warrant.





3

███████████

**Legal Argument**

When a defendant can establish that the affidavit submitted in support of a search warrant affecting him contains material falsehoods or omissions which were necessary to the finding of probable cause, he has right to an evidentiary hearing to explore the falsity. "Because it is the magistrate who must determine independently whether there is probable cause … it would be an unthinkable imposition upon his authority if a warrant affidavit, revealed after the fact to contain a deliberately or reckless false statement, were to stand beyond impeachment." *Franks*, 438 U.S. at 165 (citations omitted).  Evidence seized pursuant to such a warrant must be suppressed if the defendant is able to prove at a *Franks* hearing that the omissions or assertions were made with reckless disregard for the truth and that the affidavit, stripped of the false statements (or alternatively including the material omissions), is rendered insufficient to support probable cause.  "To suppress evidence obtained pursuant to an affidavit containing erroneous information, the defendant must show that: '(1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause finding.' *United States v. Salameh,* 152 F.3d 88, 113 (2d Cir.1998)," *United States v. Canfield,* 212 F.3d 713, 717–18 (2d Cir. 2000).

In this case, Det. Bowers made a deliberate, calculated decision to omit from his Warrant Affidavit a set of facts that compromised his investigation and the credibility of the CS – namely that both Bowers and the CS believed they were purchased drugs from someone

4

other than Mr. Mohamud. "Omissions are made with a reckless disregard for the truth when an officer recklessly omits facts that any reasonable person would know that a judge would want to know." *Wilson v. Russo*, 212 F.3d 781, 783 (3d Cir. 2000). It is obvious that a judge reviewing an application for a search warrant would want to know that *both* the CS and the investigating detective originally identified a different person as "Jeff," the person who was the target of the investigation. ▓▓▓▓

▓▓▓▓r.

A number of facts remain to be explored at a Franks hearing. ▓▓▓▓. Det. Bowers knew those facts, but chose not to include them in his Warrant Affidavit.[2]

Defendant requires an evidentiary hearing to explore the facts known to Det. Bowers at the time he submitted his application for a search warrant, but withheld from the reviewing

---

[2] ▓▓▓▓ The only basis provided in the Warrant Affidavit for searching Unit C8 in particular was the belief that "Ayub has a listed address … of 220 Riverside Ave. Unit C8 in Burlington, VT." Exhibit 1, Warrant Affidavit ¶34.

judge. Following such a hearing, the court should suppress the evidence allegedly seized during execution of the search on the ground that it was seized without a valid warrant in violation of the Fourth Amendment.

DATED at Burlington, Vermont this 3rd day of October, 2022.

LANGROCK SPERRY & WOOL, LLP

_____
Lisa B. Shelkrot
PO Box 721, 210 College Street
Burlington, VT 05402
lshelkrot@langrock.com
Phone:  (802) 864-0217

Attorneys for Defendant Ayub Mohamud

1545711.1